**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| ALFONSO HARRIS, )<br>)<br>      Petitioner, )<br>v. )   No. 2:06-cv-066-RLY-WGH<br>)<br>ALLAN FINNAN, )<br>)<br>      Respondent. ) | |

**Entry Discussing Petition for Writ of Habeas Corpus**

In a proceeding identified as No. WVD 05-10-0146, Indiana prisoner Alfonso Harris ("Harris") was found guilty of violating a prison rule prohibiting inmates from possessing a deadly weapon. Harris now challenges the proceeding through this action for a writ of habeas corpus. The matter is before the court for the preliminary review required by Rule 4 of the *Rules Governing Section 2254 Proceedings in the United States District Court*.

A federal court may issue a writ of habeas corpus pursuant to 28 U.S.C. § 2254(a) only if it finds the applicant "is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* When a prison disciplinary proceeding results in a sanction which affects the expected duration of a prisoner's confinement, typically through the deprivation of earned good-time credits or the demotion in credit earning class, the state may not deprive inmates of good-time credits without following constitutionally adequate procedures to insure that the credits are not arbitrarily rescinded and habeas corpus is the proper remedy. *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004).

In these circumstances, Harris was entitled to the following process before being deprived of his liberty interests: (1) advance (at least 24 hours before hearing) written notice of the claimed violation; (2) the opportunity to be heard before an impartial decision maker; (3) the opportunity to call witnesses and present documentary evidence (when consistent with institutional safety); and (4) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action. *Rasheed-Bey v. Duckworth,* 969 F.2d 357, 361 (7th Cir. 1992). In addition, there is a substantive component to the issue, which requires that the decision of a conduct board be supported by "some evidence." *Superintendent v. Hill,* 472 U.S. 445 (1985).

The court finds the claim subject to summary dismissal pursuant to Rule 4. The reason for this disposition is that the claims Harris presents do not suggest a violation of the federal due process guarantees of *Wolff* or *Hill*. On the contrary, his claims implicate only the asserted violation of state prison regulations, which will not support the relief Harris seeks. *Evans v. McBride,* 94 F.3d 1062 (7th Cir. 1996); *Colon v. Schneider,* 899 F.2d 660, 672-73 (7th Cir. 1990). Accordingly, this action is dismissed with prejudice.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date:   03/27/2006

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana